# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **ELIZABETH FRY FRANKLIN, ET AL.** | **CIVIL ACTION NO. 5:16-1152 (LEAD)** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **REGIONS BANK** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is the Objection to Magistrate's Memorandum Order on Defendant's Motion to Disqualify Counsel ("Appeal") [Doc. No. 37] filed by Plaintiffs Elizabeth Fry Franklin, Small Fry, L.L.C., Cynthia Fry Peironnet, and Cynthia F. Peironnet Family, L.L.C.

For the following reasons, Plaintiffs' Appeal is DENIED, and Magistrate Judge Karen L. Hayes' April 18, 2018 Memorandum Order [Doc. No. 33] is AFFIRMED.

## I. FACTS AND PROCEDURAL HISTORY

On August 5, 2016, Plaintiffs filed suit against their former agent, Defendant Regions Bank ("Regions"). Plaintiff Eleanor Baugnies de St. Marceaux ("Marceaux") filed a nearly identical suit against the same Defendant approximately one year later. The suits were consolidated by a January 12, 2018 order of the Court.

Regions served as Plaintiffs' agent with regard to mineral leases of their 5/6 ownership of 1,805.34 acres in Caddo Parish, Louisiana ("the Property"). In that capacity, Regions executed an extension of a 2004 mineral lease in favor of a third party, Matador Resources Company ("Matador"). It was Plaintiffs' intent for the extension to apply to certain undeveloped acreage

and only to the depth of the Cotton Valley formation. However, the lease that Regions signed as Plaintiffs' agent included developed acreage and extended to greater depths.[1]

In late April or early May 2008, Regions, acting through its Senior Vice President, Joseph Hand ("Hand"), contacted the Davidson, Jones & Summer law firm ("DJS") and set up a meeting to discuss whether Regions could lease Plaintiffs' mineral interests to other oil companies. On May 6, 2018, Randy Davidson, a partner at DJS, sent a conflict waiver letter to Hand, explaining that the firm had been engaged to render services to clients, Cynthia Fry Peironnet ("Peironnet") and Elizabeth Fry Franklin ("Franklin"), in connection with a lawsuit against Matador, that Regions would serve as the clients' agent, but that DJS's "representation in the Lawsuit will be limited to representation of the Clients' interests." [Doc. No. 33, p. 13]. The conflict waiver letter was sent to Hand, who executed the letter that same day. [Doc. No. 34-2].[2]

DJS then forwarded its Contract for Services and Letter of Representation to Hand on May 9, 2008, which also identified Peironnet and Franklin as DJS' clients "in connection with a dispute over the validity of a certain Amendment of Oil & Gas Lease by and between . . . Peironnet, et al. and Matador." [Doc. No. 26-3]. Hand signed the contract.

---

[1] The facts are set forth more fully in Magistrate Judge Hayes' Memorandum Order [Doc. No. 33], which the Court incorporates except as indicated.

[2] At the time Magistrate Judge Hayes issued the Memorandum Order, only an unsigned version of the letter had been filed in the record. On May 1, 2018, Plaintiffs obtained leave of court to file a signed version of the letter. [Doc. No. 35]. To the extent that Magistrate Judge Hayes' Memorandum Order states that the letter was unsigned, the Court declines to adopt this statement or any conclusions drawn thereupon.

Thereafter, on May 15, 2008, Randy Davidson and Grant Summers of DJS filed suit on behalf of Peironnet and Franklin (and were later joined by Marceaux ) against Matador in state court to rescind or reform the lease extension.

In her Memorandum Order, Magistrate Judge Hayes correctly states the applicable law and rules. Despite the express conflict waiver and contract provisions, Magistrate Judge Hayes noted that there were ambiguous references in the contract references to "you" or "your," which could also refer to Regions. Further, in Magistrate Judge Hayes' detailed Memorandum Order, she set forth extensive facts and details supporting the finding that Regions reasonably believed that DJS represented it as well as Peironnet and Franklin. During the pendency of the lawsuit, Hand specifically met with Allison Jones, another partner at DJS, had telephone calls with her, and attended meetings in the conference room at DJS.

After the jury returned a verdict against Peironnet and Franklin in September 2010, Jones advised them privately that they had a claim against Regions. Jones left her partnership at DJS in 2016 and became a partner at Downer, Jones, Marino & Wilhite ("Downer"). She and her new partners now seek to represent Plaintiffs in this matter.

## II. LAW AND ANALYSIS

### A. Standard of Review

A motion to disqualify counsel is a non-dispositive pre-trial matter. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court reviews a magistrate judge's rulings on non-dispositive matters only to determine whether they are clearly erroneous or contrary to law. "A finding of fact is clearly erroneous when, even though there may be evidence to support the finding, the reviewing court upon examination of the entire evidence is

left with the definite and firm conviction that a mistake has been committed." *Bolding v. Commissioner of Internal Revenue,* 117 F.3d 270, 273 (5th Cir. 1997).

### B. Analysis

The Court is aware that the standard for disqualification of counsel is high and that an actual conflict must exist. Further, the Court has concerns that Regions did not heed the warning found in the conflict waiver letter. However, Magistrate Judge Hayes has correctly stated and applied the law and engaged in the fact finding that this type of motion requires. After full consideration of the Memorandum Order, the Appeal, the opposition, the reply, and the record in this matter, and the response, the Court cannot say that Magistrate Judge Hayes' factual findings were clearly erroneous, nor was her Memorandum Order contrary to law. Finally, the Court finds it worthy of note that, even if Regions were not DJS' client, the information DJS obtained from Regions in the state court lawsuit was not "made for the purpose of allowing unlimited publication and use, but rather, . . . for the limited purpose of assisting in their common cause[,]" i.e, the joint attempt of Plaintiffs and Regions have the lease set aside or reformed. *Wilson P. Abraham Constr. Corp. v. Armco Steel Corp.*, 559 F.2d 250, 253 (5th Cir. 1977). Given the information provided by Regions and the fact that the state court lawsuit and this lawsuit are substantially related, this provides an additional basis for disqualification.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Appeal [Doc. No. 37] is DENIED, and Magistrate

Judge Hayes' Memorandum Order [Doc. No. 33] is AFFIRMED.

MONROE, LOUISIANA, this 31st day of May, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE