# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ELIZABETH FRY FRANKLIN, ET AL.** | : | **CIVIL ACTION NO. 16-1152** |
| **VS.** | : | **JUDGE TERRY A. DOUGHTY** |
| **REGIONS BANK** | : | **MAG. JUDGE KAREN L. HAYES** |

**(consolidated with)**

| | | |
|---|---|---|
| **ELEANOR BAUGNIES DE ST. MARCEAUX** | | **CIVIL ACTION NO. 17-1047** |
| **VS.** | | |
| **REGIONS BANK** | | |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 75] filed by defendant Regions Bank. The motion is opposed. For reasons assigned below, it is recommended that the motion be DENIED.

## Background

On August 5, 2016, Elizabeth Fry Franklin; Small Fry, L.L.C.; Cynthia Fry Peironnet; and Cynthia F. Peironnet Family, L.L.C. (collectively, the "Peironnet plaintiffs") filed the instant diversity suit against their former agent, Regions Bank ("Regions"). (Compl.). One year later, on August 17, 2017, Eleanor Baugnies de St. Marceaux filed a nearly identical suit against the same defendant. *St. Marceaux v. Regions Bank*, Civ. Action No. 17-1047 (W.D. La.). On January 12, 2018, the court consolidated the two cases. [doc. # 27].

The Peironnet plaintiffs allege that they collectively own a majority interest in 1805.34 acres of property in various sections located within Caddo Parish, Louisiana (the "Property") and that they contracted with Regions in writing "[t]o manage and supervise all said oil and gas royalty and

mineral interests, to do therewith what is usual and customary to do with property of the same kind and in the same locality . . . " and "[t]o execute acknowledge and deliver oil, gas and mineral leases containing such terms and provisions as the bank shall deem proper . . ." (Peironnet Compl., ¶ 5 and the "Agency Agreement" attached thereto).

In the second consolidated action, St. Marceaux alleged that she owned a minority interest in the Property and that she too had an agreement with Regions. (St. Marceaux Compl. ¶ 7). She further alleged that she was injured in the same manner and for the same reasons as the Peironnet Plaintiffs. (St. Marceaux Compl., ¶¶ 6-29 [doc. # 1]).

Neither complaint specified a theory of liability. Plaintiffs, however, allege that Regions injured them by failing to draft an appropriate lease extension with an oil and gas exploration company.[1] In support of their claims, the Peironnet plaintiffs and St. Marceaux rely on the outcome of a lawsuit between themselves and the exploration company over the lease extension. *Peironnet v. Matador Res. Co.*, 144 So.3d 791 (La. 2013). In its June 28, 2013, decision, the Louisiana Supreme Court determined that the lease extension was valid and that "the plaintiffs' failure to question the extension, to seek clarification of the acreage covered, or to even discuss the Deep Rights demonstrate[d] an inexcusable lack of 'elementary prudence' or simple diligence . . ." *Id*. Consequently, plaintiffs now contend that the failure to properly limit the extension was the sole fault of their agent, Regions. (Peironnet Compl. ¶ 23; St. Marceaux Compl. ¶ 25).

Regions answered the Peironnet and St. Marceaux suits on October 21, 2016, and October 20, 2017, respectively. (Peironnet Suit [doc. # 5]; St. Marceaux Suit [doc. # 6]). Following delays

---

[1] "If the Extension would have been properly drafted, Plaintiffs would have been able to execute a new lease without the cloud on title placed by the Extension, thereby resulting in a higher bonus amount." (Peironnet Compl. ¶ 25; St. Marceaux Compl. ¶ 28).

2

attributed to a motion to disqualify counsel filed by Regions, the court entered a series of scheduling orders. *See* doc. #s 56, 74, & 81.

Meanwhile, on February 12, 2019, Regions filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. Regions essentially argues that the agency agreements at issue are subject to the Louisiana Credit Agreement Statute, which imposes a one year prescriptive period for any claim for breach of fiduciary duty stemming not only from credit agreements, but from all types of relationships that a financial institution is a party to. *See* La. R.S. § 6:1124. Because the Peironnet plaintiffs and St. Marceaux filed their respective lawsuits against Regions more than three years after the Louisiana Supreme Court determined Regions' fault, Regions contends that they are time-barred. Furthermore, because St. Marceaux did not allege that she had a written agency agreement with Regions, then Regions does not owe her a fiduciary obligation or responsibility. *See* La. R.S. § 6:1124.

Plaintiffs filed their opposition to the motion to dismiss on February 26, 2019. [doc. # 77]. Regions filed its reply brief on March 5, 2019. [doc. # 78]. Thus, the matter is ripe.

### **12(b)(6) Standard**[2]

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief

---

[2] Ordinarily, a Rule 12(b) motion must be made before a responsive pleading is filed. *See* Fed.R.Civ.P. 12(b) and *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). However, Rule 12(h)(2) permits a party to assert a defense for failure to state a claim upon which relief can be granted in any pleading permitted under Rule 7(a), or via a Rule 12(c) motion for judgment on the pleadings. Fed.R.Civ.P. 12(h)(2). Here, the court may treat defendant's Rule 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c). *See Jones, supra* and *PHI, supra*. Moreover, in any event, the Fifth Circuit employs the same standard for a Rule 12(c) motion as it does for a Rule 12(b)(6) motion. *PHI, supra* (citations omitted).

when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,*

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. 2008) (citations and internal quotation marks

4

omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

### **Governing Law**

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211(1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). In diversity

5

cases, federal courts apply state laws on limitations, including accrual, and tolling. *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989); *Milton v. Stryker Corp.*, 551 F. App'x 125, 127 (5th Cir. 2014) (applying Texas law on accrual in diversity case).

Here, neither side contests that the substantive issues raised by defendant's motion are governed by Louisiana law. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).[1]

To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court. *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d 264, 269 (5th Cir. 2009) (citation omitted). In the absence of a decision by the Louisiana Supreme Court on a given issue, federal courts are compelled to make an *Erie* guess. *In re Katrina Canal Breaches Litigation*, 495 F.3d at 206; *Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 628 (5th Cir. 2000). In so doing, the court must use its best judgment to determine

> how [the Louisiana Supreme C]ourt would resolve the issue if presented with the same case. In making an *Erie* guess, we must employ Louisiana's civilian methodology, whereby we first examine primary sources of law: the constitution, codes, and statutes. Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana. Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.

*In re Katrina Canal Breaches Litigation*, 495 F.3d at 206 (internal citations and quotation marks omitted).

---

[1] In *Jefferson*, the Fifth Circuit's decision incorporated the underlying district court opinion, 930 F. Supp. 241 (E.D. La. May 31, 1996) (Vance, J.)

In Louisiana, the prescriptive period is strictly construed against prescription and in favor of the obligation sought to be extinguished. *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994). Ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So. 2d 624, 628 (La. 1992). However, when it appears that the claims have prescribed on the face of the complaint, then the plaintiff has the burden of proof to establish facts which would have the effect of interrupting or avoiding prescription. *Martens v. North*, 1998 WL 378137 (E.D. La. 1998); *Wimberly, supra*.

## Analysis

Regions contends that plaintiffs are asserting a claim for breach of fiduciary duty, but that their claims are untimely under the plain language of a section of the Louisiana Credit Agreement Statute ("LCAS"), which provides that,

> [n]o financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary. The fiduciary responsibility and liability of a financial institution or any officer or employee thereof shall be limited solely to performance under such a contract and shall not extend beyond the scope thereof. Any claim for breach of a fiduciary responsibility of a financial institution or any officer or employee thereof may only be asserted within one year of the first occurrence thereof. This Section is not limited to credit agreements and shall apply to all types of relationships to which a financial institution may be a party.

La. R. S. § 6:1124

In their response brief, plaintiffs maintain that Regions' argument is "irrelevant as no fiduciary obligation has been pled, no claim for a breach of such an obligation has been asserted, and no obligation of deliberate misconduct has been made." (Pl. Opp. Memo., pg. 8). Instead, plaintiffs contend that they have asserted a claim for breach of contract against Regions under the express and

7

implied terms of Regions' agreements to provide mineral management services to plaintiff. Of course, "[u]nder Louisiana law, a claim for breach of contract generally is subject to a 10-year prescriptive period." *Periou v. Schlumberger Rod Lift, Inc.*, No. 18-10504, 2019 WL 2009244, at *2 (E.D. La. May 7, 2019) (citing *inter alia*, La. Civ. Code Art. 3499).

Under Louisiana law, "[t]he prescriptive period is not determined by the label of the cause of action but by the nature of the transaction and the underlying basis of the claim." *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 479 (5th Cir. 2002) (citation and internal quotation marks omitted). Thus, the nature of the duty breached determines whether the action is in tort or in contract. *Id.* (citation omitted).

In its reply, Regions emphasizes that because the underlying agreements between the parties caused Regions to be appointed as plaintiffs' agent (or mandatary, in civilian terms)[3] Regions owed plaintiffs a fiduciary duty under agency/mandatary law. (Def.'s Reply Brief, pgs. 3-4) (citing *U.S. Specialty Ins. Co. v. Strategic Planning Associates, LLC*, No. 18-7741, 2019 WL 296864, at *7 (E.D. La. Jan. 23, 2019). Typically, mandataries owe two types of duties to their principals: a fiduciary duty and a duty of care.[4] *F.D.I.C. v. Barton*, 96 F.3d 128, 133 (5th Cir. 1996).[5] However, these obligations are distinct, and represent the duties implied by law. If a mandatary breaches an obligation that it specifically agreed to undertake, then, as an obligor, it may be liable *ex contractu*,

---

[3] "Under Louisiana law, the relationship of mandate has become equated with the common law principal-agent relationship." *Gerdes v. Estate of Cush*, 953 F.2d 201, 204 (5th Cir. 1992) (citation omitted).

[4] "The mandatary is bound to fulfill with prudence and diligence the mandate he has accepted. He is responsible to the principal for the loss that the principal sustains as a result of the mandatary's failure to perform." La. Civ. Code Art. 3001.

[5] Breach of the latter duty is said to be delictual and thus subject to the one year prescriptive period for torts under Louisiana Civil Code Article 3492. *Barton, supra.*

i.e., "for the damages caused by [its] failure to perform a conventional obligation." La. Civ. Code Art. 1994.[6] Moreover, "[a] failure to perform results from nonperformance, defective performance, or delay in performance." *Id.*

To set forth a claim for breach of fiduciary duty, the plaintiff must allege defendant's lack of good faith and breach of loyalty. *Barton, supra* (citation omitted). Defendant's lack of diligence or even gross negligence does not suffice to establish a claim for breach of fiduciary duty. *See Barton, supra.* Rather, breach of fiduciary duty requires evidence of fraud, breach of trust, or other ill acts. *Id.*; *see also Succession of McKinley*, 206 So.3d 959, 967 (La. App. 3d Cir. 2016) ("to prove breach of a fiduciary duty, the claimant must show that the party acted fraudulently, breached the trust bestowed upon him, or took actions that exceeded those granted to him."). It is the duty of loyalty that results from the position of trust which distinguishes the fiduciary relationship. *Gerdes v. Estate of Cush*, 953 F.2d 201, 204–06 (5th Cir. 1992) (citations omitted).

Here, the court easily finds that the nature of plaintiffs' complaint(s) is not one for breach of fiduciary duty. There are no facts to suggest that Regions acted in its own interest to the detriment of plaintiffs, that it engaged in fraud, that it abused its position of trust, or that it committed any other ill acts. *See* Compl. Instead, even the Louisiana Supreme Court characterized the now actionable conduct as "an inexcusable lack of elementary prudence or simple diligence . . ." *See Peironnet v. Matador Res. Co.*, 144 So.3d 791 (La. 2013). In short, plaintiffs are not asserting a claim for breach of fiduciary duty, and therefore, are not subject to § 6:1124's one year prescriptive period.[7]

---

[6] In *D & J Tire, Inc. v. Hercules Ture & Rubber Co.*, the Fifth Circuit recognized that "[a] claim for *breach of a contract of mandate* is subject to a prescriptive period of ten years." *D & J Tire, Inc. v. Hercules Tire & Rubber Co.*, 598 F.3d 200, 206 (5th Cir. 2010) (emphasis added).

[7] This result is consistent with decisions of the Fifth Circuit, plus other intermediary Louisiana courts. *See e.g.*, *Keenan v. Donaldson, Lufkin & Jenrette, Inc.*, 529 F.3d 569, 575 (5th Cir. 2008) (LCAS was not intended to bar the claims of an individual who is not a borrower in any sense and is not bringing a lender liability suit); *Priola Const. Corp. v. Profast Dev. Grp., Inc.*, 21 So.3d 456, 461

9

The closer question is whether plaintiffs' claims sound *ex contractu* versus *ex delicto*. However, Regions urged dismissal only on the basis that plaintiffs were asserting an untimely claim for breach of fiduciary duty. However, even if Regions had argued that plaintiffs' claims sounded in tort and, therefore, were subject to the one year prescriptive period for delictual actions, the court observes that plaintiffs recited in their complaints specific contractual provisions which Regions arguably breached. (Peironnet Compl., ¶ 5 and the "Agency Agreement" attached thereto).[8] These allegations suffice, at least in the present context, to set forth a timely claim for breach of contract. *See City of Alexandria v. Cleco Corp.*, No. 05-01121, 2010 WL 290506, at *9 (W.D. La. Jan. 22, 2010); *but see Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 WL 6594545, at *3–6 (M.D. La. Dec. 14, 2018).

## Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that defendant Regions Bank's motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 75] be DENIED.

---

(La. App. 3d Cir. 2009) (§ 6:1124 does not foreclose the possibility of lawsuits for other causes of action which do not involve a fiduciary obligation); *BizCapital Bus. & Indus. Dev. Corp. v. Union Planters Corp.*, 884 So.2d 623, 626 (La. App. 4th Cir. 2004) (legislature did not intend to totally immunize banks from all legal duties in their relationship with customers and third parties); *Simmons, Morris & Carroll, LLC v. Capital One, N.A.*, 144 So.3d 1207, 1215 (La. App. 2d Cir. 2014) (the absence of a written fiduciary agreement does not foreclose the finding of a duty owed by a bank).

[8] St. Marceaux alleged that she had an agreement with Regions which obligated Regions to provide advice on the management of her mineral interest in the Property. (St. Marceaux Compl., ¶ 7). Plaintiffs asserted, in brief, that St. Marceaux's agreement required Regions to manage her interest co-extensive with the mineral interests of the Peironnet plaintiffs. (Pl. Opp. Brief, pg. 8). Whether St. Marceaux and Regions intended to be bound by all of the same provisions of the written contract between the Peironnet plaintiffs and Regions is a matter for discovery.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 30th day of May 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE