UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ELIZABETH FRY FRANKLIN, ET AL.** | : | **CIVIL ACTION NO.   16-1152** |
| VS. | : | JUDGE TERRY A. DOUGHTY |
| **REGIONS BANK** | : | MAG. JUDGE KAREN L. HAYES |
| | | (consolidated with) |
| **ELEANOR BAUGNIES DE ST. MARCEAUX** | | **CIVIL ACTION NO. 17-1047** |
| VS. | | |
| **REGIONS BANK** | | |

### **SUPPLEMENTAL REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on second reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 75] filed by defendant Regions Bank ("Regions"). The motion is opposed. For reasons assigned below, it is recommended that the motion be DENIED, as originally filed, but GRANTED, on the grounds advanced by movant in its objection to the undersigned's initial report and recommendation.

### **Procedural History**[1]

On February 12, 2019, Regions filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. In its original motion, Regions argued that plaintiffs' claims had prescribed and were subject to dismissal because the agency agreements at issue in this consolidated case were subject to the Louisiana Credit Agreement Statute, which imposed a one year prescriptive

---

[1] On August 5, 2016, Elizabeth Fry Franklin; Small Fry, L.L.C.; Cynthia Fry Peironnet; and Cynthia F. Peironnet Family, L.L.C. (collectively, the "Peironnet plaintiffs") filed the instant diversity suit against their former agent, Regions Bank ("Regions"). (Compl.). One year later, on August 17, 2017, Eleanor Baugnies de St. Marceaux filed a nearly identical suit against the same defendant. *St. Marceaux v. Regions Bank*, Civ. Action No. 17-1047 (W.D. La.).  The cases were consolidated.

period for any claim for breach of fiduciary duty stemming not only from credit agreements, but from all types of relationships that a financial institution (such as Regions) is a party to. *See* La. R.S. § 6:1124. Regions further argued that because plaintiff, St. Marceaux, did not allege that she had a written agency agreement with Regions, then the bank did not owe her a fiduciary obligation or responsibility. *See* La. R.S. § 6:1124.

In their opposition to the motion to dismiss, plaintiffs clarified that they were prosecuting a claim for breach of contract, not a claim for breach of fiduciary duty. (Pl. Opp. Memo. [doc. # 77]). Nonetheless, in its reply brief, Regions re-urged dismissal on the same grounds asserted in its original motion, i.e., that plaintiffs' "true claim" was one for breach of fiduciary duty. [doc. # 78].

On May 30, 2019, the undersigned readily concluded that plaintiffs were not asserting a claim for breach of fiduciary duty, and therefore, their cause of action was not subject to § 6:1124's one year prescriptive period. (May 30, 2019, R&R [doc. # 82]). Accordingly, the undersigned recommended that Regions' motion to dismiss be denied. *Id*. The court added, however, that the closer question was whether plaintiffs' claims really were *ex contractu* or, instead, did they sound *ex delicto*. *Id*. At least at the pleading stage,[2] and in the absence of any argument to the contrary, the undersigned was inclined to credit plaintiffs' allegations that Regions had breached specific contractual provisions. *Id*.

On June 13, 2019, Regions filed an objection to the R&R, in which it stood by the bases for its original motion to dismiss, but then asserted that the undersigned had "fundamental[ly]" and unmistakabl[y]" erred by failing to recognize that 1) plaintiff, St. Marceaux's contract of mandate with Regions had to be in writing because it purportedly authorized the lease of mineral rights which

---

[2] After all, Regions challenged the timeliness of plaintiffs' suit via Rule 12(b)(6) motion.

2

had to be perfected by written act, La. Civ. Code Art. 2993; and 2) plaintiffs' remaining claims were delictual, and therefore, time-barred under Louisiana Civil Code Article 3492. (Regions Objection [doc. # 83]).

Later that same day, the District Court noted that Regions, in its objection, had for the first time argued that plaintiffs' claims were prescribed as a delictual action under Louisiana Civil Code Article 3492. [doc. # 84]. Therefore, the District Court referred Regions' motion back to the undersigned for consideration of this new argument, via supplemental report and recommendation. *Id*. A few hours later, Regions filed a motion for summary judgment seeking dismissal of plaintiffs' claims on the basis that their claims sounded in tort and were prescribed. [doc. # 85]. The motion for summary judgment is pending before the District Court. [doc. # 86].

On July 3, 2019, plaintiffs filed a supplemental opposition in response to Regions' modified prescription argument. [doc. # 91]. The matter is ripe.

## **Discussion**

The court hereby adopts and incorporates the background, standard of review, and governing law sections of the May 30, 2019, R&R. The instant report supersedes only those portions of the prior R&R that are inconsistent herewith. Nonetheless, for ease of reading, the court will recite some provisions of the prior report.

The Peironnet plaintiffs allege that they collectively own a majority interest in 1805.34 acres of property in various sections located within Caddo Parish, Louisiana (the "Property") and that they contracted with Regions in writing "[t]o manage and supervise all said oil gas royalty and mineral interests, to do therewith what is usual and customary to do with property of the same kind and in the same locality . . ." and "[t]o execute acknowledge and deliver oil, gas and mineral leases containing

3

such terms and provisions as the bank shall deem proper . . ." (Peironnet Compl., ¶ 5 and the "Agency Agreement" attached thereto).

In the second consolidated action, St. Marceaux alleged that she owned a minority interest in the Property and that she too had an agreement with Regions. (St. Marceaux Compl. ¶ 7). She further alleged that she was injured in the same manner and for the same reasons as the Peironnet Plaintiffs. (St. Marceaux Compl., ¶¶ 6-29 [doc. # 1]).

Neither complaint specified a theory of liability. Plaintiffs, however, allege that Regions injured them by failing to draft an appropriate lease extension with an oil and gas exploration company.[3] In support of their claims, the Peironnet plaintiffs and St. Marceaux rely on the outcome of a lawsuit between themselves and the exploration company over the lease extension. *Peironnet v. Matador Res. Co.*, 144 So.3d 791 (La. 2013). In its June 28, 2013, decision, the Louisiana Supreme Court determined that the lease extension was valid and that "the plaintiffs' failure to question the extension, to seek clarification of the acreage covered, or to even discuss the Deep Rights demonstrate[d] an inexcusable lack of 'elementary prudence' or simple diligence . . ." *Id*. Consequently, plaintiffs now contend that the failure to properly limit the extension was the sole fault of their agent, Regions. (Peironnet Compl. ¶ 23; St. Marceaux Compl. ¶ 25).

Plaintiffs characterize their contract(s) with Regions as an agency agreement. (Pl. Opp. Memo., pg. 8). "Under Louisiana law, the relationship of mandate has become equated with the common law principal-agent relationship." *Gerdes v. Estate of Cush*, 953 F.2d 201, 204 (5th Cir. 1992) (citation omitted). Specifically, "[a] mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal."

---

[3] "If the Extension would have been properly drafted, Plaintiffs would have been able to execute a new lease without the cloud on title placed by the Extension, thereby resulting in a higher bonus amount." (Peironnet Compl. ¶ 25; St. Marceaux Compl. ¶ 28).

4

La. Civ. Code Art. 2989.

Typically, mandataries owe two types of duties to their principals: a fiduciary duty and a duty of care.[4] *F.D.I.C. v. Barton*, 96 F.3d 128, 133 (5th Cir. 1996). Breach of the latter duty is said to be delictual and thus subject to the one year prescriptive period for torts under Louisiana Civil Code Article 3492. *Barton, supra*. On the other hand, a claim for breach of fiduciary duty and for breach of contract of mandate is subject to a prescriptive period of ten years. *Barton, supra* (citing La. Civ. Code Art. 3499); *D & J Tire, Inc. v. Hercules Tire & Rubber Co.*, 598 F.3d 200, 206 (5th Cir. 2010); *see also Roger v. Dufrene*, 613 So.2d 947, 948 (La.1993) ("An action in tort is governed by the prescriptive period of one year while an action on a contract is governed by the ten year prescriptive period for personal actions.").

Plaintiffs concede, and the undersigned has determined, that they are not asserting a claim for breach of fiduciary duty. *See* May 30, 2019, R&R. That leaves two potential theories of recovery: breach of contract and breach of the delictual duty of care. In Louisiana, delictual actions are subject to a liberative prescription period of one year, that runs from the day injury or damage is sustained. La. Civ. Code Art. 3492.[5] Here, the latest date that plaintiffs sustained injury was 2013 when the Louisiana Supreme Court conclusively determined that the failure to properly limit the lease extension was the sole fault of Regions' employees. (Peironnet Compl., ¶ 23; St. Marceaux Compl., ¶ 25). Because the instant suits were filed three or more years later in 2016 and 2017, plaintiffs'

---

[4] "The mandatary is bound to fulfill with prudence and diligence the mandate he has accepted. He is responsible to the principal for the loss that the principal sustains as a result of the mandatary's failure to perform." La. Civ. Code Art. 3001.

[5] A cause of action for negligence accrues when there is fault, causation, and damages. *Owens v. Martin*, 449 So.2d 448, 450 (La.1984).

5

claims are time-barred if they are recharacterized exclusively as tort claims.

The Louisiana Supreme Court long has recognized that,

> when a party has been damaged by the conduct of another arising out of a contractural [sic] relationship, the former may have two remedies, a suit in contract, or an action in tort, and that he may elect to recover his damages in either of the two actions. In such cases, the prescription applicable is determined by the character which plaintiff gives his pleadings and the form of his action.

*Fed. Ins. Co. v. Ins. Co. of N. Am.*, 262 La. 509, 512; 263 So.2d 871, 872 (1972)

Nonetheless, that does not mean that plaintiff is at liberty to prosecute both a breach of contract claim and a tort claim. Rather, "[i]t is the nature of the duty breached that should determine whether the action is in tort or in contract." *Roger*, 613 So.2d at 948 (citations omitted).

"The classical distinction between contractual and delictual damages is that the former flow from an obligation contractually assumed by the obligor, whereas the latter flow from a violation of general duty owed by all persons." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 886–87 (5th Cir.2002) (citations omitted). However, "even when a tortfeasor and victim are bound by a contract, Louisiana courts usually apply delictual prescription to actions that are really grounded in tort." *Id*.

In *Roger*, the Louisiana Supreme Court remarked that it recently had affirmed the rule that "an action for professional malpractice is a delictual action governed by the prescriptive period of one year *except* (1) when the attorney expressly warrants a specific result and fails to obtain that result, or (2) when the attorney agrees to perform certain work and does nothing whatsoever." *Roger, supra* (citing *Lima v. Schmidt*, 595 So. 2d 624, 628 (La. 1992)). The court has extended the foregoing principle to other professions beyond attorneys, including physicians, accountants, and insurance agents. *Roger, supra*. In so doing, the court explained that "[t]he nature of certain professions is such that the fact of employment does not imply a promise of success, but an

6

agreement to employ ordinary skill and care in the exercise of the particular profession." *Id*. (citation omitted). Thus, the duty imposed is that of "reasonable diligence," the breach of which results in an action in negligence. *Id*.

The Fifth Circuit also applied the holding in *Roger* to financial advisors, who reasonably can be said to have *promised* their clients to advise them diligently. *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 479 (5th Cir.2002). Accordingly, if the financial advisor falls short of the standard of care applicable to that profession, then the claim is "quintessentially delictual." *Id*.

Given the similarities between the foregoing professions (particularly insurance agents and financial advisors) with that of a mineral management agent at issue here (or petroleum landmen, as the Louisiana Supreme Court characterized Regions' employees), the undersigned is persuaded that the same breach of contract/delict principles detailed above govern the present inquiry.

Of course, in this particular case, the court is not working with a blank slate. The Louisiana Supreme Court already has described the conduct at issue as "an inexcusable lack of 'elementary prudence' or simple diligence." *Peironnet*, 144 So. 3d at 816. In other words, Regions' actions on behalf of its principals fell short of the standard of care applicable to a mineral management agent – a quintessentially delictual claim. *See Copeland, supra*.[6] Therefore, plaintiffs' claims are delictual and subject to the associated one year prescriptive period, unless Regions expressly warranted a

---

[6] In fact, plaintiffs' expert stated that he believed that the "failure [at issue] constitutes a breach of Regions' obligation to perform work in a good and workmanlike manner and in violation of the standards of professionalism required of land men operating in northwest Louisiana." (May 3, 2019, Letter from John Collinsworth to C. Johnson; Def. MSJ, Exh. 10). It is manifest that industry standard or custom evidence is the hallmark of a negligence claim, as it focuses upon the applicable standard of care. *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 WL 6594545, at *4 (M.D. La. Dec. 14, 2018).

specific result and failed to obtain that result, or if Regions agreed to perform certain work and did nothing at all. *Roger, supra.*[7]

In the *Peironnet* suit, plaintiffs alleged that Regions breached the following contractual provisions:

> B. To manage and supervise all said oil, gas, royalty and mineral interests, to do therewith what is usual and customary to do with property of the same kind and in the same locality and to bring all ordinary and appropriate actions for the purpose of enforcing all claims which an agent with the powers conferred above would be entitled to bring for or on behalf of his principal
>
> G. To execute, acknowledge and deliver surface leases, ratifications, division orders, transfer orders, oil or gas unitization agreements, easements, rights-of-way conveyances, mineral exploratory or development contracts.

(Peironnet Compl., ¶ 5; Agency Agreement, Compl., Exh. A).[8]

However, neither provision expressly warranted a specific result or outcome.

In *Varnado v. Ins. Corp. of Am.*, the court found that an attorney had not warranted or guaranteed a particular result where he agreed to render the degree of care, skill, and diligence exercised by prudent attorneys, but then inexplicably omitted a reservation of mineral rights from an act of sale. *Varnado v. Ins. Corp. of Am.*, 484 So.2d 813, 815 (La. App. 1st Cir. 1986). Similarly, an attorney's promise that her performance will be in accordance with that of a prudent attorney is

---

[7] The undersigned is well aware that other Louisiana cases, even in analogous contexts, have permitted plaintiffs to assert a breach of contract claim under circumstances where the obligor did not guarantee or warrant a specific result. *See e.g., Wilson v. Two SD, LLC*, 186 So.3d 103, 118 (La. App. 1st Cir. 2015). However, to the extent that such cases are not otherwise distinguishable on the basis of the different professions at issue, the undersigned is confident that the approach taken by the Louisiana Supreme Court in *Roger* and by the Fifth Circuit in *Copeland* should be followed and applied here.

[8] St. Marceaux does not allege the violation of any contractual warranty or "promise" by Regions that exceeded the scope of the undertaking by Regions on behalf of the Peironnet plaintiffs. Therefore, her claim is coextensive with that of the Peironnet plaintiffs.

8

not a guarantee of a specific result. *Martinez v. Reed*, 683 F. Supp. 571, 576 (E.D. La.1988).

Here, Regions agreed to do what was usual and customary in the industry and locality. It did not guarantee or warrant a specific result.[9]

Furthermore, there are no allegations that Regions agreed to do certain work, but did nothing whatsoever.[10] While the Louisiana Supreme Court has faulted Regions' employees for failing to exercise even "a minimal amount of care, *i.e.,* by simply reading the document and/or by requesting simple changes to the written offer before acceptance . . .," Regions' employees still negotiated the lease extension and advised the plaintiffs regarding same. *Peironnet*, 144 So.3d at 815. Regions plainly performed some work under the contract, but ultimately, its efforts regarding the subject lease ended up being woefully below the appropriate standard of care. In sum, plaintiffs' claims remain quintessentially delictual.

Since Regions neither warranted a specific result, nor did nothing at all, then the alleged misfeasance of duty sets forth a cause of action in tort and the one year prescriptive period is applicable. *Roger, supra*. Plaintiffs filed the instant suits more than one year after their causes of

---

[9] Plaintiffs argue that because Regions did not owe the public a general duty to manage mineral rights, Regions' obligation, and the breach thereof, only could have arisen from the contract. (Pl. Suppl. Opp., pgs. 3-4). However, "the fact that the parties are in privity of contract does not transform a claim relating to one party's deficient performance into a breach of contract claim." *BFI Waste Sys. of Louisiana, LLC v. S & S Sprinkler Co.*, No.18-1085, 2018 WL 7104900, at *4 (W.D. La. Dec. 28, 2018), R&R adopted, 2019 WL 299463 (W.D. La. Jan. 22, 2019) (citing *Roger, supra*). Rather, the damages from such claims flow from the breach of general duties, even though those duties cannot be enforced by the entire general public. *Carriere v. Jackson Hewitt Tax Serv. Inc.*, 750 F.Supp.2d 694, 704–05 (E.D. La.2010).

[10] Nonfeasance constitutes a contract claim, and occurs when a party has taken no action whatsoever. *BFI Waste Sys. of Louisiana, LLC, supra*. Misfeasance is a tort claim, and results in liability for underperforming parties in "virtually every type of contract where defective performance may injure the promisee." *Id.* (citations and internal quotation marks omitted).

action accrued; therefore, they are untimely, and barred as such.   La. Civ. Code Art. 3482; *Kroger Co. v. L.G. Barcus & Sons, Inc.*, 13 So.3d 1232, 1235 (La. App. 2d Cir. 2009).

## Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that defendant Regions Bank's motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 75] be DENIED, as originally filed, but GRANTED, as supplemented, and that this consolidated action be DISMISSED, WITH PREJUDICE, in its entirety, as time-barred.   Fed.R.Civ.P. 12(b)(6) or 12(c).[11]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[11] The only extrinsic evidence that the undersigned cited in this decision was the letter from plaintiff's expert.   If evidence outside of the pleadings is presented to the court and used in deciding a 12(b)(6) or 12(c) motion, the motion must be converted to a motion for summary judgment. Fed.R.Civ.P. 12(d); *Knighton v. Merscorp Inc.*, 304 Fed. Appx. 285, 287 (5th Cir. 2008) (unpubl.) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir.1993)).   In the event of conversion, Rule 12(d) requires that all parties be afforded a reasonable opportunity to present all material pertinent to a motion for summary judgment.   *Id.*   Nonetheless, the undersigned would have reached the same conclusion even without consideration of the letter.   Moreover, report and recommendation, itself, provides sufficient notice to the parties.   *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (citing *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).   Finally, plaintiffs had adequate notice because Regions filed a separate motion for summary judgment regarding the same issue that included the evidence.

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 12th day of July, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE