**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **ELIZABETH FRY FRANKLIN, ETAL** | **CIVIL NO. 5:16-1152 (LEAD)** |
| | **CIVIL NO. 5:17-1047 (MEMBER)** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **REGIONS BANK** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment [Doc. No. 132] filed by the Plaintiffs Elizabeth Fry Franklin ("Franklin"), Cynthia Fry Peironnet ("Peironnet"), and Eleanor Baugnies de St. Marceaux ("Marceaux"). Plaintiffs' motion seeks a summary judgment declaring Regions Bank breached the contracts with Plaintiffs.

To Plaintiffs' motion, Defendant Regions Bank ("Regions") filed an Opposition [Doc. No. 145] on February 25, 2021. Franklin, Peironnet and Marceaux filed a Reply [Doc. No. 152] on March 4, 2021.

For the reasons set forth herein, Plaintiffs' Motion for Partial Summary is DENIED.

**I.    BACKGROUND**

Elizabeth Fry Franklin ("Franklin") and Cynthia Fry Peironnet ("Peironnet") contracted with Regions through separate Agency Agreements for Regions to manage and supervise all oil, gas, royalty, and mineral interests as to Franklin and Peironnet's interest in an 1805.34-acre tract of land in Caddo Parish, Louisiana. Marceaux did not have a written Agency Agreement with Regions, but allegedly had an oral agreement with Regions to manage her mineral interests, including her undivided interest in an 1805.34-acre tract in Caddo Parish.[1]

---

[1] The 1805.34 acre tract is the same tract that Franklin and Peironnet also own an interest in.

In 2004, Regions executed a three-year mineral lease for the property with a third party, who then assigned the lease to Matador Resources Company ("Matador"). Marceaux also signed this mineral lease. The lease had a depth-severance clause, under which the lease would lapse after three years for all land 100 feet below the deepest depth drilled, even if the well was producing. Near the end of the lease term, Matador sought to extend the lease as to only 168.95 acres for 18 months. Regions signed the lease extension on behalf of Franklin and Peironnet and allegedly advised Marceaux to sign the lease extension. Plaintiffs allege that Regions signed the lease renewal, but instead of an extension of only 168.95 acres, the extension extended the Plaintiffs' interest in the entire 1805.34-acre tract. Plaintiffs allege the extension caused them millions of dollars in damages in lost lease bonus and royalties due to a cloud on Plaintiffs' title.

Franklin, Peironnet and Marceaux sued Matador in state court in an attempt to rescind or reform the lease extension. The state case went all the way to the Supreme Court of Louisiana, who upheld the lease extension and denied Plaintiffs' attempts to rescind or reform the extension. *Peironnet v. Matador Resources Co.*, 144 So.3d 791 (La. 2013).

On August 5, 2016, Franklin, Peironnet, Cynthia F. Peironnet Family, LLC, and Small Fry LLC filed a Complaint [Doc. No. 1] against Regions, alleging that Regions' error in signing an improperly drafted lease extension violated their contract and caused Plaintiffs' damages. On August 27, 2017, Marceaux filed an almost identical suit against Regions. The cases have been consolidated. Cynthia F. Peironnet Family, LLC and Small Fry LLC's claims were dismissed with prejudice on February 24, 2021, leaving Franklin, Peironnet and Marceaux as the remaining Plaintiffs in this proceeding.

In Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs asks for a summary judgment that Regions breached its contract with Plaintiffs in extending the mineral lease by 18 months to the entire 1805.34-acre tract.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

B.   **Breach of Contract Claims**

Plaintiffs maintain that they are entitled to a summary judgment that Regions breached its contract with Plaintiffs by Regions own admissions and testimony in the state proceeding that was ultimately decided by the Supreme Court of Louisiana. *Peironnet v. Matador Res. Co.*, 144 So.3d 791 (La. 2013).

Although a different proceeding, Plaintiffs maintain that Regions admitted that a mistake was made in the state court proceeding and is therefore held to this admission pursuant to the doctrine of collateral estoppel. Regions maintains Franklin and Peironnet released their claims against Regions, that there was no contract between Regions and Marceaux for mineral management, and that the doctrine of collateral estoppel does not apply in the facts of this case.

Franklin and Peironnet had written contracts with Regions through separate Agency Agreements for Regions to manage and supervise all oil, gas, royalty, and mineral interests as to Franklin and Peironnet's interest in an 1805.34-acre tract of land in Caddo Parish, Louisiana. Franklin and Peironnet allege Regions violated Sections B and G of the Agency Agreements.

Marceaux did not have a written Agency Agreement with Regions, but allegedly had an oral agreement with Regions to manage her mineral interests, including her undivided interest in the same 1805.34-acre tract in Caddo Parish, Louisiana.

This Court has previously held that these are material issues of fact precluding summary judgment as to Marceaux's alleged contract [Doc. Nos. 153 and 154]. Marceaux's motion should be denied for that reason alone.

For a breach of contract claim, Plaintiffs must show (1) the obligor undertook to perform an obligation, (2) that the obligor failed to perform its obligation, and (3) that the obligor's failure to perform damaged the obligee. *Regions Insurance Inc. v. Alliance LAB Service, LLC*, 293 So.3d 1218 (La. App. 4th Cir. 2020).

**C.     Collateral Estoppel**

Louisiana Revised Statute Section 13:4231(3) reads as follows:

5

> **§ 4231. Res judicata**
>
> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The required elements for collateral estoppel are (1) the parties must be identical, (2) the issue to be precluded must be identical to that involved in the prior action, (3) the issue must have been actually litigated, and (4) the determination of the issue in the prior action must have been necessary to the resulting judgment. *Daigle v. Cimarex Energy Co.,* 333 F. Supp. 3d 604, 622 (W.D. La. 2018).

Regions was not actually a party in the prior litigation. However, Plaintiffs maintain Regions does not have to have been a party in the prior litigation as a judgment will bind non-parties who are privities of a party and that privity exists if the non-party controlled the litigation. Plaintiffs maintain Regions controlled the litigation in the state proceeding, admitted that a mistake was made in signing the lease extension, and argued there was a mutual mistake in signing the lease extension as to the entire tract.

This Court believes the Plaintiffs' Motion for Partial Summary Judgment should be DENIED because the important issue of whether Regions committed "gross fault" or "gross negligence" has not been previously litigated. This issue is important to this litigation because as previously discussed by this Court, [Doc. No. 146] Regions was not entitled to summary judgment based upon an exculpatory clause in the Franklin and Peironnet Agency Agreements since there were material issues of fact as to whether Regions committed "gross fault" or "gross

negligence" (which cannot be excluded by the exculpatory clause,) or "ordinary negligence" (which can be excluded by the exculpatory clause.)

Even assuming Regions was collaterally estopped from arguing that it was at fault in signing the lease extension, there was no determination made in the state proceeding whether the actions of Regions constituted "gross negligence" or "ordinary negligence".

Marceaux had no written Agency Agreement with Regions, but alleges she orally agreed to the same terms as Franklin and Peironnet, by which the same exculpatory clause could arguably be applicable. This in itself presents a material issue of fact, and as previously noted, there additionally exists material issues of fact of whether Marceaux even had an oral contract with Regions to manage her mineral interests.

## III. CONCLUSION

For the reasons set forth herein, the Motion for Partial Summary Judgment [Doc. No. 132], filed by Plaintiffs is DENIED.

MONROE, LOUISIANA this 10th day of March, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE